JAMES ALVIN WATSON, Appellant, *v.* SHERIFF,
LYON COUNTY, NEVADA, Respondent.

No. 9737

July 13, 1977                                    566 P.2d 416

[Rehearing denied August 4, 1977]

*Julian C. Smith* and *David R. Gamble,* Carson City, for
Appellant.

*Robert List,* Attorney General, Carson City; *Ronald T.
Banta,* District Attorney, Lyon County, for Respondent.

## OPINION

*Per Curiam:*

"No Warrants shall issue, but upon probable cause. . . ." Such is the command of U.S. Const. amend. IV, and of Nev. Const. art. 1, § 18 as well. Whether the criminal complaint charging James Alvin Watson with having committed the crime of burglary contains sufficient information to support an independent judgment of the magistrate that probable cause exists for an arrest warrant is the issue presented by this appeal from an order denying a pretrial petition for a writ of habeas corpus.[1]

The complaint alleges only that Watson "did, on or about the 25th day of January, 1977, in Dayton Township, County of Lyon, State of Nevada, at the intersection of Apache Drive and Highway 50 East, at the Land Office, Dayton, Nevada, willfully, unlawfully and feloniously enter a business with the intent to then and there commit grand or petit larceny, or a felony."

It is settled that a complaint which consists of nothing more than the complainant's conclusions is constitutionally insufficient. Whiteley v. Warden, 401 U.S. 560 (1971). The complaint under review in *Whiteley* is remarkably similar to the one before us and was held to be insufficient to enable a magistrate to make an independent judgment that probable cause existed for an arrest warrant. Consequently we are compelled to so rule in this case.[2]

Reversed.

---

[1]Watson challenged the sufficiency of the complaint prior to his preliminary examination and thus preserved his contention for later review. *Cf.* State of Nevada v. Plunkett, 62 Nev. 265, 271, 149 P.2d 101, 104 (1944).

[2]The requirement that there be a probable cause determination prior to arrest is binding upon the states through the Due Process Clause for the Fourteenth Amendment. Ker v. California, 374 U.S. 23 (1963).